T.C. Memo. 1997-375

UNITED STATES TAX COURT

STEVEN MICHAEL RYAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10828-96.                    Filed August 18, 1997.

Steven Michael Ryan, pro se.

<u>Michael J. Calabrese</u>, for respondent.

MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

Respondent determined a deficiency in petitioner's 1990 Federal income tax and an addition to tax under section

_____

[1] Section references are to the Internal Revenue Code in effect for the year at issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

6651(a)(1) in the respective amounts of $5,137 and $664. Petitioner resided in Huntsville, Alabama, at the time the petition was filed.

The issue is whether this Court has jurisdiction to adjudicate petitioner's dispute with Westinghouse Electric Corp. (Westinghouse) and/or Commonwealth Edison Co. (Edison).

The facts are undisputed and may be summarized as follows. Edison operated a nuclear power plant in Zion, Illinois, during 1990. Edison contracted with Westinghouse to supply certain training services at Zion, and Westinghouse contracted with petitioner to supply those services. Westinghouse's contract with petitioner provided that petitioner would be paid $31 per hour. Under the contract between Westinghouse and Edison, Westinghouse apparently was paid $45 per hour. Westinghouse terminated the contract it had with petitioner in June of 1990. Westinghouse paid petitioner $17,918 during 1990. In 1990, petitioner also received $2,515 in unemployment compensation, $12,218 as wages from various employers, and $14 of interest income.

For reasons discussed infra, petitioner did not file a Federal income tax return for 1990. The income set forth above constitutes the predicate for the notice of deficiency. Petitioner does not dispute that he received the income, nor does he contest the computation of the tax. Rather, as we understand, petitioner contends that he was an employee of Edison and that he

had been wrongfully deprived of $14 per hour by Edison and/or Westinghouse. Petitioner, therefore, seeks a determination by this Court regarding the dispute he has with Westinghouse and/or Edison or urges this Court to order respondent to decide the dispute. In order to obtain this remedy, petitioner refused to file his 1990 return.

This Court is a court of limited jurisdiction, and that jurisdiction is limited to redetermining the correct amount of a deficiency. Secs. 7442, 6214; see also Utilicorp United, Inc. & Subs. v. Commissioner, 104 T.C. 670, 674 (1995), and cases cited therein. That jurisdiction does not extend to resolving disputes between petitioner and other parties. Lewicki v. Commissioner, T.C. Memo. 1974-86. With respect to the deficiency in this case, petitioner concedes that he received the income determined by respondent and that respondent's computation of the deficiency is correct. Whatever the dispute between petitioner and Westinghouse/Edison may be, we have no jurisdiction to decide the matter, nor do we have the jurisdiction to order respondent to do so.

While petitioner does not address respondent's determination with respect to the addition to tax, section 6651(a)(1) provides for an addition to tax for failure to timely file a return "unless it is shown that such failure is due to reasonable cause and not due to wilful neglect". Petitioner's alleged reason for his failure to file his 1990 return was to cause respondent to

become embroiled in his dispute with Westinghouse/Edison. Petitioner knew he was required to file a return, and this is not reasonable cause for failing to do so.

<u>Decision will be entered</u> <u>for respondent</u>.